# UNTIED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DUSTIN WILLIAMS**                                   **CIVIL ACTION**

**VERSUS**                                            **NO. 16-00120-SDD-EWD**

**BRAND ENERGY & INFRASTRUCTURE**
**SERVICES, INC.; BRAND SERVICES, LLC;**
**BRAND SCAFFOLD SERVICES, LLC;**
**BRAND ENERGY SOLUTIONS, LLC;**
**HARSCO CORPORATION; AND**
**GREGG INDUSTRIAL INSULATORS, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 9, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNTIED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DUSTIN WILLIAMS**                                      **CIVIL ACTION**

**VERSUS**                                               **NO. 16-00120-SDD-EWD**

**BRAND ENERGY & INFRASTRUCTURE**
**SERVICES, INC.; BRAND SERVICES, LLC;**
**BRAND SCAFFOLD SERVICES, LLC;**
**BRAND ENERGY SOLUTIONS, LLC;**
**HARSCO CORPORATION; AND**
**GREGG INDUSTRIAL INSULATORS, INC.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 4). The Motion is opposed. (R. Doc. 5). Plaintiff has filed a Reply. (R. Doc. 10). For the following reasons, the undersigned recommends that the Motion be **DENIED**.

**Factual and Procedural Background**

On January 28, 2015, Dustin Williams was allegedly injured while working as a structural welder at the CF Industries plant located in Donaldsonville, Louisiana, performing welding work. (R. Doc. 1-4 at 2). Williams alleges that defendants' employees or individuals for whom the defendants are responsible attempted to move a galvanized steel scaffold plank and negligently dropped the scaffold plank approximately 30 feet. Williams claims the scaffold plank struck him in the back, causing him to suffer severe physical injuries. (*Id*.).

On October 13, 2015, Williams' counsel submitted a pre-suit settlement demand to defendant, Brand Energy Solutions, with supporting medical records, medical bills, and lost wage information, offering to settle Williams' claims for $350,000. (R. Doc. 4-4). On November 13,

2

2015, defense counsel[1] sent a letter to Williams' counsel confirming receipt of the settlement demand and that the demand and its attachments were under review by counsel.  (R. Doc. 4-5).

On December 18, 2015, Williams filed a Petition for Damages in the 23rd Judicial District Court for Ascension Parish, Louisiana, alleging that defendants' employees carelessly and negligently dropped the galvanized steel scaffold plank that injured him.  (R. Doc. 1-4 at 2). Williams alleges that the steel plank was dropped approximately 30 feet and struck him in the back, causing severe physical injuries, including but not limited to severe wounds, disfigurement, and multiple lumbar fractures.  (*Id*.).  In the Petition, Williams seeks general damages, medical expenses, and lost wages.  Williams also requests a jury trial.  (R. Doc. 1-4 at 6).

On February 25, 2016, defendants removed the action asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (R. Doc. 1).  In the Notice of Removal, defendants state that the parties are diverse because defendants are citizens of Delaware, Georgia, Pennsylvania, and Texas and Williams is a citizen of Missouri.  (R. Doc. 1 at 3-5).  Defendants assert that the amount in controversy exceeds the required jurisdictional amount because on February 2, 2016, Williams responded to a Request for Admission by asserting that his damages "far exceed $75,000."  (R. Doc. 1 at 2; R. Doc. 1-3 at 2).

On March 17, 2016, Williams filed the instant Motion to Remand, claiming removal was untimely.  (R. Doc. 4).  Williams claims removal is untimely under 28 U.S.C. § 1446(b) because defendants removed the action more than 60 days after they were served with the Petition.  (R. Doc. 4-1 at 2-3).  While acknowledging that the pre-suit settlement demand does not constitute "other paper" sufficient to trigger the 30-day removal period under § 1446(b)(3), Williams asserts that the settlement demand shows the allegations in the Petition were supported by documentation

---

[1] Defense counsel represents all of the named defendants.

of severe injuries, medical expenses, extensive medical treatment, and lost wages. (R. Doc. 4-1 at 6). Even without the pre-suit settlement demand and attached medical records and bills, Williams argues that because "it is facially apparent from the Petition that damages far exceed $75,000" defendants had to remove within 30 days after being served the Petition. (R. Doc. 4-1 at 8-9). Williams asserts that his response to defendants' Request for Admission merely confirmed what is facially apparent from the Petition and, therefore, did not trigger the 30-day removal period.

In Opposition, defendants do not dispute that their removal of the action was over 60 days after they were served the Petition. (R. Doc. 5 at 1-2). Instead, defendants argue removal was timely because it was filed within 30 days after Williams responded to the Request for Admission and defendants ascertained that the case, which was not initially removable, had become removable under 28 U.S.C. § 1446(b)(3). (R. Doc. 5 at 2). Thus, defendants contend Williams' response to their Request for Admission constitutes "other paper" under § 1446(b)(3), which triggered the 30-day time period for removal.

Defendants argue that the Motion to Remand ignores well-settled authority from the Fifth Circuit that the 30-day removal period in § 1446(b)(1) begins to run from receipt of the initial pleading *only* when that pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." (R. Doc. 5 at 4) (citing *Mumfrey v. CVS Pharmacy, Inc., et al.*, 719 F.3d 393, 399 (5th Cir. 2003) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992))). Defendants assert that there are two types of removal disputes, "amount disputes," which occur when defendants remove a case within 30 days of receiving the initial pleading under § 1446(b)(1), and "timeliness disputes," which occur when defendants remove within 30 days of receiving some amended pleading or "other paper" under § 1446(b)(3). (R. Doc. 5 at 4) (citing *Mumfrey*, 719 F.3d at 398). Because

the Petition did not allege a specific amount in controversy and did not affirmatively reveal on its face that Williams is seeking damages in excess of $75,000, defendants assert this case is a timeliness dispute. Defendants argue that Williams relies on cases involving amount disputes, which are not relevant to the issue before the Court.

In his Reply, Williams concedes that defendants are correct that the "facially apparent" inquiry does not apply in this case because this is a timeliness dispute, not an amount dispute. (R. Doc. 10 at 4). However, in light of the allegations in the Petition and the request for a jury trial, indicating that his damages exceed $50,000, Williams asserts "the Petition 'affirmatively reveals' on its face that damages were in excess of the jurisdictional amount such that defendants' thirty-day removal period was triggered when it was served with the state court petition." (R. Doc. 10 at 4). Williams asserts that he specifically pled general damages, medical expenses, and lost wages in the Petition, which incorporated the medical expenses and bills sent to the defense pre-suit (totaling approximately $10,000) and the lost wages calculations in the pre-suit settlement demand (totaling approximately $40,000), plus general damages. (R. Doc. 10 at 4; *See* R. Docs. 1-4, 4-3, and 4-4). Williams argues removal more than 60 days after service of the Petition, based solely on his discovery responses that reference and incorporate the pre-suit settlement demand, is untimely and remand is required.

### Applicable Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist

at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The time limits for filing a notice of removal, as set forth in 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Here, the issue before the Court is whether the 30-day period for removal was triggered by service of the Petition, as Williams argues, or by the defendants' receipt of Williams' response to a Request for Admission, in which Williams asserted that his damages exceed $75,000. Although the instant case involves different facts, it presents the same legal issues discussed and decided by this Court in *Livingston Parish Gravity Drainage Dist. No. 1 v. Wetland Equipment Co., Inc.*, No. 15-68, 2015 WL 3454730 (M.D. La. May 29, 2015). In *Livingston*, the plaintiff argued that because it was facially apparent from the state court Petition that the case was removable, defendant's removal 45 days after service of the Petition was untimely under 28 U.S.C. § 1446(b). 2015 WL 3454730 at *2. In *Livingston*, U.S. Magistrate Judge Richard L. Bourgeois, Jr.,

described the standard of law governing a Motion to Remand as follows:

With regard to applying the 30 day time period to removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis added by *Mumfrey*).

Pursuant to *Chapman*, if a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts.

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta,[2] that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims in order to trigger the time limit for filing the notice of removal. Consistent with this language in *Bosky,* some district courts, including at least one opinion from this district, considered whether the damages in the initial pleading were "facially apparent" in determining whether the 30 day period of removal was triggered. *See Cupit v. Wal-Mart Stores*, No. 10-668, 2011 WL 1211484, at *5 n.4 (M.D. La. March 31, 2011) (noting that district courts are split in their interpretations and applications of *Chapman/Bosky* and that, at the time of that opinion, the Fifth Circuit had not revisited that discussion).[3]

---

[2] In *Mumfrey* the court noted, "Because the [*Bosky*] court explained the standards for triggering the thirty-day removal period abstractly without reference to the particular facts before it, its discussion is dicta." *Mumfrey*, 719 F.3d at 399 n.11 (citing *Bosky*, 288 F.3d 208, 209 (5th Cir. 2002)).

[3] The original footnote in *Livingston* provides:

Although not addressed in the *Cupit* opinion, to the extent *Bosky* could have been read as overruling or abrogating *Chapman*, it is not clear that the three-judge panel had the authority to do so. *See Capturion Network, LLC v. Daktronics, Inc.*, No. 08-232, 2009 WL 1515026, *6 (S.D. Miss. May 29, 2009) (noting that courts in this circuit find themselves between the proverbial rock (*Chapman*) and hard place (*Bosky*) but that *Chapman's* clear requirement remains controlling as the

In 2013, the Fifth Circuit provided additional guidance on this issue and specifically addressed the application of *Chapman* and the aforementioned uncertainty recognized by the district courts. In *Mumfrey v. CVS Pharmacy, Inc.*, a subsequent panel criticized the portion of *Bosky* suggesting that anything short of the "bright line" rule could trigger the initial removal time period, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"); *see also Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, at *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

In the instant matter, Plaintiff argues that it was "facially apparent" in the initial pleading that the case was removable and thus the motion to remand is untimely. (R. Doc. 11). This argument was specifically rejected in *Mumfrey*. The court distinguished the "amount dispute" analysis used to determine whether remand should be granted because the jurisdictional amount was not facially apparent or otherwise had not been proven, versus a "timeliness dispute," such as the one at issue in this case. *See Mumfrey*, 719 F.3d at 400. The facially apparent inquiry urged by the Plaintiffs is not the standard for triggering the 30 day removal period. *Clark*, 2014 WL 458220, *4 ("*Mumfrey*, therefore, makes it perfectly clear that the 'facially apparent' inquiry is applicable only to 'amount dispute' cases, and not to timeliness cases."); *Quest v. Church Mut. Ins. Co.*, No. 13-4872, 2013 WL 6044380, *2 (E.D. La. Nov. 13, 2013) ("Application of the facially apparent test to timeliness cases was specifically rejected by the Fifth circuit in *Mumfrey*, and is

---

earlier opinion (citing *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001)).

*Livingston*, 2015 WL 3454730 at *3 n.1.

similarly rejected here"). [4]

*Livingston*, 2015 WL 3454730 at *3-4.

In *Livingston*, this Court ultimately concluded that the 30-day period for removing the action was not triggered by service of the Petition because the Petition did not include a specific allegation that the plaintiff's damages exceeded the federal jurisdictional amount.  2015 WL 3454730 at *4.  This Court found, "There is nothing in the Petition to indicate the purchase price or the amount of any related damages.  No monetary amounts are provided and there is no specific allegation that the damages are in excess of the federal jurisdictional amount."  *Id*.  As such, this Court concluded that the defendant's removal was not untimely.  *Id*.

Adopting our analysis in *Livingston* and applying it to the facts of this case, this Court finds that defendants' Notice of Removal, filed more than 60 days after they were served with the Petition, was not untimely because the Petition does not contain a specific allegation that Williams' damages exceed $75,000.  Like the plaintiff in *Livingston*, Williams initially argued that removal was untimely and the case should be remanded to state court because it was "facially apparent" from the Petition that the case was removable.  (R. Doc. 4-1 at 8-9).  Unlike the plaintiff in *Livingston*, however, Williams subsequently attempted to assert the correct standard for timeliness disputes in his Reply by arguing that "the Petition 'affirmatively reveals' on its face that damages

---

[4]The original footnote in *Livingston* provides:

> *Mumfrey* also recognized that a defendant *may* be able to remove a case immediately upon service of the initial pleading, even one that does not satisfy *Chapman's* bright line rule, assuming that the defendant could prove that the amount in controversy is satisfied.  Such an initial pleading, however, does not start the clock such that a defendant was required to remove within 30 days. *Mumfrey*, 719 F.3d at 400 n.13; *Quest*, 2013 WL 6044380, at *2 ("if a defendant can discern from a pleading that over $75,000 is at issue, and the court agrees, the case may be removed," but that facially apparent inquiry has no application in timeliness cases).

*Livingston*, 2015 WL 3454730 at *4 n.2.

9

were in excess of the jurisdictional amount such that Defendants' thirty-day removal period was triggered when it was served with the state court petition." (R. Doc. 10 at 4). Williams claims the Petition was removable because his list of damages was so extensive that it was clear his claims satisfied the jurisdictional amount, even though the Petition does not specifically allege that his damages exceed $75,000. (R. Doc. 10 at 4).

This argument, however, was specifically rejected in *Mumfrey*. As the *Mumfrey* court explained, "The *Chapman* court specifically declined to adopt a rule which would expect defendants to 'ascertain[] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount.'" *Mumfrey*, 719 F.3d at 399 (citing *Chapman*, 969 F.2d at 163) (alteration in *Mumfrey*). The *Mumfrey* court further explained that, "By rejecting a so-called due-diligence standard, [the *Chapman* court] sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Mumfrey*, 719 F.3d at 399 (citing *Chapman*, 969 F.2d at 163). The *Bosky* court similarly held that the information supporting removal in an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the 30-day time period under § 1446(b)(3). *Bosky*, 288 F.3d at 211.

As mentioned above, Williams failed to specifically allege in the Petition that his damages exceed the federal jurisdictional amount, as required by *Chapman*. Although the Petition alleges that Williams was injured when a 35-pound steel scaffold plank fell approximately 30 feet and struck him in the back, there is nothing in the Petition that indicates the amount of his alleged damages. Williams tries to rely on the amount of the pre-suit settlement demand and the medical records and bills attached thereto, but the *Chapman* court specifically held that pre-suit medical records and demand letters constitute "other papers" under § 1446(b)(3) and, "By its plain terms

the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only *after* it receives the initial pleading." *Chapman*, 969 F.2d at 164 (emphasis added).

Accordingly, the 30-day period for removing the action was not triggered by service of the Petition, but rather by receipt of Williams' response to a Request for Production, indicating his damages "far exceed $75,000." (R. Doc. 1 at 2; R. Doc. 1-3 at 2). As defendants removed this action less than 30 days after receiving plaintiff's discovery response, removal was timely under 28 U.S.C. § 1446(b)(3).

## Conclusion

Based on the foregoing, defendants' removal of this action was timely under 28 U.S.C. § 1446(b)(3). The court should retain subject matter jurisdiction over this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 4) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 9, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**